### KENTUCKY CENTRAL LIFE INSURANCE COMPANY et al., Appellants,

v.

### Patricia Millbank GORDON, Appellee.

### No. 6787.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 16, 1965.

Long & Parker, Port Arthur, for appellants.

Freeland & Watson, Beaumont, for appellee.

PARKER, Justice.

Patricia Millbank Gordon sued to recover from Kentucky Central Life Insurance Company the cash surrender value of a fifteen (15) year term policy of life insurance, plus 12% penalty and attorney's fee. The policy was issued by Oil Industries Life Insurance Company of Houston on April 13, 1957, the obligation under said policy being assumed by Kentucky Central Life Insurance Company. Summary judgment was granted the plaintiff against Kentucky Central Life Insurance Company for $3,123.07. The parties will be designated as appellant and appellee.

Appellant has three points of error as follows:

1. The error of the Court in granting summary judgment where the motion for summary judgment of the appellee contained only a verified motion, sworn to by the attorney for the appellee, and that the matters recited in said motion are hearsay as to the attorney and are matters that the attorney would not be competent to testify to at a trial on the merits and especially where appellant controverted the motion for summary judgment by a sworn motion and an affidavit attached by an affiant who had personal knowledge of the disputed facts in issue and was competent to testify at a trial on the merits.

2. The error of the Court in granting appellee judgment for twelve (12%) per cent penalty and attorney's fee where there is no competent evidence of a demand for payment within purview of the statute; Article 3.62 of the Insurance Code, V.A.T.S.

3. The error of the Court in denying appellant's motion for summary judgment.

◼ Appellant's controverting affidavit is to the effect the mutual agreement of the parties was the policy would have no cash surrender values but that by mutual mistake caused by a clerical error the policy was issued containing cash surrender values. In the record before us this is a disputed fact issue. Prior to the time ap-

pellee filed her motion for summary judgment appellant's answer was a general denial. Upon proper pleading for reformation of the insurance contract, the policy could be reformed if the jury found there was a mutual mistake as to its terms as appellant contends. Such fact issue does fall outside the precise scope of the original pleadings. The summary judgment denied appellant its day in court which moves this court to treat the pleadings as though they were amended to embrace the issue of reformation of the contract because of the alleged mutual mistake. Appellant should have this opportunity. Appellant's point of error No. 1 is sustained. Appellant's point of error No. 2 is immaterial in view of our holding.

■ Appellant's point of error No. 3 requires discussion. In the insurance contract under the heading "Table of Cash, Loan and Non-Forfeiture Vales" it is stated that "The values and non-forfeiture factors are per $1,500.00 of the ultimate amount of this policy." The insured being age 40 when the policy was issued and the policy being over five years old when surrendered, we quote that part of such table applicable to the fifth year, which states:

| "Age | End of Policy Year | Tabular Cash or Loan Value |
|------|--------------------|----------------------------|
| 40   | 5                  | $35.13"                    |

The premiums were paid for five years. The policy was in force at the time appellee elected to surrender the policy for cash. Further, in such contract it provides under the heading "Cash Value and Maturity Endowment Proceeds":

"By written notice in form satisfactory to the Company upon surrender of this policy for cash value or within one month of its maturity as an endowment, the Insured can elect to have the unpaid proceeds settled under any option set forth in these optional methods of settlement provisions."

Appellant argues it would not be liable under this contract after midnight of April 13, 1974, and, therefore, the "ultimate" amount of the term policy was nothing. Construing the contract on all four corners, we cannot give such a strained effect to one word, namely "ultimate", to control the other provisions thereof to completely nullify the provision for cash surrender value at any time prior to the expiration of the policy. On the contrary, we consider the ultimate end of this policy arrived when the insured exercised her option to surrender it for cash. Appellant's point of error No. 3 is overruled. In order that the disputed fact issue be resolved as to whether or not there was a mutual mistake in the issuance of the policy as written due to a clerical error, the judgment of the trial court is reversed and this cause remanded.

Reversed and remanded.